# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA P. MYRICK, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CIVIL ACTION 19-0416-WS-MU |
| | ) |
| EVANSTON INSURANCE CO., etc., | )     **PUBLISH** |
| | ) |
|     Defendant. | ) |

## ORDER

This action is before the Court on the plaintiff's motion to remand. (Doc. 10). The defendant has filed a response, (Doc. 14), the plaintiff declined to file a reply, (Doc. 13), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be denied.

## BACKGROUND

The plaintiff brought suit in Alabama state court against Mega Construction ("Mega") for the wrongful death of the plaintiff's decedent. The plaintiff there obtained a $1.5 million consent judgment. The plaintiff then procured process of garnishment and served same on the defendant herein as Mega's liability insurer. The defendant timely removed on the basis of diversity.

There is no question that the decedent was a citizen of Alabama and that the plaintiff, as his personal representative, shares that citizenship for purposes of assessing diversity jurisdiction. 28 U.S.C. § 1332(c)(2). There is also no question that the defendant is an Illinois corporation with its principal place of business in that state, such that it is a citizen of Illinois for diversity purposes. *Id*. § 1332(c)(1). The plaintiff, however, argues that this is a "direct action" within the meaning of Section 1332(c)(1); that Mega is a citizen of Alabama; and that the defendant is thus also deemed a citizen of

Alabama pursuant to Section 1332(c)(1)(A), destroying complete diversity and depriving the Court of subject matter jurisdiction. The defendant concedes Mega's citizenship but denies that Mega's citizenship is properly attributed to it.

## DISCUSSION

**I. Direct Action.**

For purposes of diversity jurisdiction (including removal), "in any direct action against the insurer of a policy or contract of liability insurance, … to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of … every State and foreign state of which the insured is a citizen …." 28 U.S.C. § 1332(c)(1)(A).

"Courts have uniformly defined the term 'direct action' as used in this section as those cases in which a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured *or first obtaining a judgment against him*." *Fortson v. St. Paul Fire and Marine Insurance Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985) (emphasis added, internal quotes omitted). The highlighted portion of this statement is *dicta*, because *Fortson* did not involve such a fact situation.[1]

The Eleventh Circuit expressed *Fortson*'s formulation as holding in *Kong v. Allied Professional Insurance Co.*, 750 F.3d 1295 (11th Cir. 2014). The plaintiff in *Kong* obtained a consent judgment against her alleged tortfeasor and then sued the tortfeasor's insurer in state court. When the insurer removed, the plaintiff unsuccessfully moved to remand on the grounds that hers was a direct action. *Id*. at 1298-99. The *Kong* panel noted that *Fortson*, other courts, and leading treatises all agree that a suit against an

---

[1] The plaintiff in *Fortson* sued a physician's malpractice carrier for failure to resolve his claim against the physician in good faith. 751 F.2d at 1159. While the claim against the insurer was not a direct action for diversity purposes, this was not because the plaintiff first obtained a judgment against the insured (he did not), but because the plaintiff could not have sued the insured in the first place for the insurer's breach of its statutory duty to settle in good faith. *Id*.

insurer brought only after obtaining judgment against the insured as required by state law is not a direct action. *Id*. at 1300. It then reviewed the legislative history of Section 1332(c)(1)(A) and concluded that its purpose – "to prevent plaintiffs from manipulating federal jurisdiction in order to seek the shelter of a more favorable forum" – "does not occur … if a state requires its tort plaintiffs to first join or obtain judgment against the insured as a prerequisite to suing an insurer." *Id*. Because Florida law required a tort plaintiff to obtain a settlement or verdict against the insured before suing the insurer, the plaintiff's claim "does not fall within § 1332(c)'s direct-action exemption." *Id*. at 1301. In short, "an action is … not a direct action if a plaintiff must first join or obtain judgment against the insured as a prerequisite for suing an insurer." *Id*. at 1301 n.2.[2]

"We hold that unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." *Fortson*, 751 F.2d at 1159. This portion of *Fortson* is, as it declares, a holding.[3] A claim brought to recover insurance proceeds to satisfy a judgment already entered against the insured seeks to impose a liability (payment of insurance proceeds) that could not be imposed against the insured. *City of Vestavia Hills v. General Fidelity Insurance Co.*, 676 F.3d 1310, 1315 (11th Cir. 2012) ("Similar to the plaintiff in *Fortson*, [the plaintiff] could not have brought this action against [the insured], as the single count relates to insurance and [the plaintiff] has already obtained judgment against [the insured]," and "we are bound by the holding in *Fortson* …").

---

[2] "We agree with the reasoning of the Tennessee district court: Congress intended that wherever a party claiming to have suffered injuries or damage for which another is legally responsible is entitled to sue the other's liability insurer without joining the insured and without having first obtained a judgment against the insured, the insurer shall be deemed a citizen of the State of which the insured is a citizen …." *Hernandez v. Travelers Insurance Co.*, 489 F.2d 721, 723 (5th Cir. 1974). It is possible to read this portion of *Hernandez* as holding that a suit against an insurer brought after obtaining judgment against the insured is not a direct action under Section 1332(c)(1). Because *Hernandez* can be read otherwise, and because the *Kong* panel did not acknowledge or rely upon *Hernandez*, the Court attributes this holding to *Kong*.

[3] *See* note 1, *supra*.

3

There are thus at least two circumstances under which a plaintiff may sue a tortfeasor's liability insurer, but not the tortfeasor/insured, without creating a "direct action" within the contemplation of Section 1332(c)(1): (1) when the claim against the insurer could not have been brought against the insured; and (2) when, pursuant to a state law requirement, the plaintiff has already obtained judgment against the insured. *Kong*, 750 F.3d at 1301 n.2. When the suit is against the insurer to recover insurance proceeds to satisfy an existing judgment against the insured, both circumstances exist. *City of Vestavia Hills*, 676 F.3d at 1315.

Application of the governing rules requires identification of the authority by which the plaintiff obtained process of garnishment; if state law required the plaintiff to obtain judgment against Mega before obtaining process of garnishment against the defendant (as the plaintiff did), *Kong* and *City of Vestavia Hills* are satisfied and this is not a direct action.[4]

The plaintiff says he obtained process of garnishment pursuant to Alabama Code §§ 27-23-1 and -2. (Doc. 10 at 2). "This Court has interpreted § 27-23-1 and § 27-23-2 to preclude an injured party from bringing an action against an insurer before the injured party has recovered a final judgment against the insured." *Knox v. Western World Insurance Co.*, 893 So. 2d 321, 324 (Ala. 2004) (describing *Maness v. Alabama Farm Bureau Mutual Casualty Insurance Co.*, 416 So. 2d 979 (Ala. 1982)). "[T]he clear wording of § 27-23-1 and § 27-23-2 … precludes the [plaintiffs] from asserting a direct action against [the insurer] before a final judgment is rendered against [the insured]." *Id*. at 325. Thus, "[a]n action brought under Alabama Code § 27-23-2, where the injured party has already obtained a judgment against the insured, is not a direct action as contemplated by § 1332(c)(1) under *Fortson*." *City of Vestavia Hills*, 676 F.3d at 1315.

---

[4] An argument could be made that, as long as the plaintiff in fact obtained a judgment against the insured before proceeding against the insurer, the action should not be considered a direct action under Section 1332(c)(1), regardless of whether state law affirmatively required that sequence of events. Because, as discussed in text, Alabama law required the plaintiff to obtain judgment against Mega before obtaining process of garnishment against the defendant, the Court need not consider the validity of that proposition.

4

The plaintiff says he also obtained process of garnishment pursuant to Alabama Code § 6-6-370. (Doc. 10 at 2). That provision simply defines "garnishment," but Section 6-6-390, entitled "When process of garnishment obtainable," states that "no garnishment shall issue prior to a final judgment …, unless there is a showing that such garnishment is necessary because of extraordinary circumstances." When, as here, no extraordinary circumstances are asserted or shown, "Alabama law prohibit[s] [a plaintiff] from commencing garnishment proceedings against [a third-party insurer] unless he first obtain[s] a judgment against [the insured]." *Stabler v. Transportation Insurance Co.*, 2006 WL 6915489 at *4 (S.D. Ala. 2006). Therefore, the garnishment proceeding cannot be a direct action for purposes of federal diversity analysis. *Id.*; *accord Armentrout v. Atlantic Casualty Insurance Co.*, 731 F. Supp. 2d 1249, 1257 (S.D. Ala. 2010).[5]

Because the plaintiff, as required by Alabama law, obtained a judgment against Mega before obtaining process of garnishment against Mega's liability insurer, this is not a "direct action" for purposes of Section 1332(c)(1). Therefore, Mega's Alabama citizenship is not attributed to the defendant, and complete diversity exists.

## II. Civil Action.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant …." 28 U.S.C. § 1441(a). The fount of original jurisdiction invoked here is that of diversity. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States …." *Id.* § 1332(a)(1). If the removed garnishment proceeding does not constitute a "civil action" under Section 1332(a), the Court lacks subject matter

---

[5] The Court rejects the contrary conclusion reached in *Wheelwright Trucking Co. v. Dorsey Trailers, Inc.*, 158 F. Supp. 2d 1298, 1301 (M.D. Ala. 2001), on which the plaintiff relies, as inconsistent with the later binding precedents of *Kong* and *City of Vestavia Hills*.

jurisdiction. *Compare Jackson-Platts v. General Electric Capital Corp.*, 727 F.3d 1127, 1134 (11th Cir. 2013) (describing the question whether a removed post-judgment proceeding constituted a "civil action" under Section 1441(a) as one of "subject-matter jurisdiction").[6]

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because jurisdictional objections to removal cannot be effectively waived by the parties, the Court addresses the character of Alabama post-judgment garnishment proceedings despite the plaintiff's failure to raise the issue.

"[G]arnishment actions against third-parties are generally construed as independent suits, at least in relation to the primary action." *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir. 1979). The Eleventh Circuit has allowed removal of garnishment actions when they "were in effect suits involving a new party litigating the existence of new liability." *Jackson-Platts*, 727 F.3d at 1139 (emphasis, internal quotes omitted). The *Jackson-Platts* panel identified *Webb v. Zurich Insurance Co.*, 200 F.3d 759 (11th Cir. 2000), as one such case. The plaintiff in *Webb* obtained a default judgment against the defendant in Alabama state court and thereafter filed a writ of garnishment in Alabama state court against the defendant's liability insurer. The insurer removed the garnishment proceedings, and the magistrate judge denied the plaintiff's motion to remand. *Id*. at 760. The *Webb* Court declared this ruling to be "correc[t]" because, under *Butler*, "garnishment actions brought post-judgment to collect a judgment are separate civil actions that are removable." *Id*.

In the language of *Jackson-Platts*, the defendant is a "new party" not present in the underlying action that is litigating a "new liability" – not the liability of Mega to the plaintiff for his decedent's death but the liability of the defendant to Mega on its policy –

---

[6] "Original jurisdiction" means "subject-matter jurisdiction." *Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004). If a matter in state court does not constitute a "civil action" under Section 1332 and 1441, the district courts have no original jurisdiction over it and the removal court would thus lack subject matter jurisdiction.

6

a fact underscored by the defendant's answer asserting various coverage restrictions, exclusions and conditions. (Doc. 8).

Multiple district judges, including the undersigned, have concluded since *Webb* that Alabama post-judgment garnishment proceedings against a third party constitute a "civil action" removable under Section 1441.[7] The Court holds to this view, adding only that such proceedings likewise constitute a "civil action" under Section 1332.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to remand is **denied**.

DONE and ORDERED this 24th day of September, 2019.

> s/ WILLIAM H. STEELE
> UNITED STATES DISTRICT JUDGE

---

[7] *Alabama Municipal Insurance Corp. v. Scottsdale Insurance Co.*, 297 F. Supp. 3d 1248, 1251 n.1 (N.D. Ala. 2017); *Armentrout*, 731 F. Supp. 2d at 1258; *Gabriel v. Life Options International, Inc.*, 2015 WL 1967498 at *6 (S.D. Ala. 2015); *Stabler*, 2006 WL 6915489 at *5.